**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OATH RESEARCH, LLC, an Arizona Limited Liability Company, and STACEY JON GRANT, an Individual<br>*Plaintiffs,*<br><br>vs.<br><br>FEWMORETAPS OÜ D/B/A TRUSTNAME.COM, an Estonian company, and JOHN DOES 1-10,<br>*Defendants*. | Civil Action No. ________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs, Oath Research, LLC ("Oath Research") and Stacey Jon Grant ("Grant" and, collectively, "Plaintiffs"), by their undersigned counsel, file this complaint against Defendants Fewmoretaps OÜ d/b/a Trustname.com ("Trustname"), and John Does 1-10 ("John Does," and collectively, "Defendants"), and in support of their claims allege as follows:

**NATURE OF THE ACTION**

1. This is an action in law and equity for violations of the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and negligence. On the morning of August 28, 2026, John Does infiltrated the computer systems of Trustname, a

domain name registrar, and, without Plaintiffs' authorization, impersonated Plaintiffs to obtain access and control over Plaintiffs' domain names, cites used for the sale of research chemicals. The Defendant John Does made unauthorized use of passwords and further impersonated Plaintiffs to overcome two-factor authentication. By so doing, Defendant John Does directed Trustname, and Trustname followed the direction, to transfer control of twenty-five of Plaintiffs' domain names to the control of John Does. Upon discovery of the transfer process and in the midst of an unsuccessful transfer of the remaining domain name, Plaintiffs alerted Trustname. Despite full knowledge, Trustname failed to prevent or undo the unauthorized and fraudulent transfers, leaving control of Plaintiffs' domain names in the control of John Does. Upon information and belief, John Does are seeking to transfer control of the domain names from Trustname to a third party domain name registrar and to thereby direct VeriSign, the ultimate registrar of ".com" domains, to record John Does as the owner of Plaintiffs' domain names. This unauthorized access of computers, access of Plaintiffs' account, use of Plaintiffs' passwords, and bypassing of Plaintiffs' two-factor authentication are violations of the CFAA that must be addressed through this action.

## THE PARTIES

2. Plaintiff Stacey Jon Grant is an individual residing in Arizona. Grant is the owner of Oath Research and the owner of Plaintiffs' domain names at issue in this dispute (the "Domain Names"). Grant is the owner of Plaintiffs' account at Trustname (the "Account") that was infiltrated by John Does.

3. Plaintiff Oath Research is a limited liability company organized in Arizona. In turn, Oath Research has a sole member, Fancy Hat, LLC, also an Arizona LLC. Fancy Hat, LLC has two members, Stacey Jon Grant and Jared Sherwood, both Arizona residents.

4. Plaintiff Oath Research is an online marketer of chemicals for research purposes. Each of the Domain Names is used to permit customers, typically universities and research organizations, to acquire research chemicals such as peptides for scientific research purposes.

5. Defendant Trustname is an Estonian private limited company with its registered address at 13 Roseni, 10111 Tallinn, Estonia, and is an ICANN-accredited registrar doing business in the United States by, among other things, registering and administering domain names. Trustname is available for contact through various email addresses, including "abuse@trustname.com" and "support@trustname.com."

6. Defendants John Does 1-10 are individuals or entities that accessed Trustname's computer systems without authorization for the purpose of infiltrating and stealing Plaintiffs' Domain Names. Upon information and belief, at least one John Doe utilized IP addresses that Trustname's records identify as being associated with the countries of Tajikistan, Uzbekistan, and Brazil. No other address information is known.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under Acts of Congress, including the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

8. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a): Plaintiffs are citizens of Arizona; Trustname is a citizen of a foreign state (Estonia); no Defendant is a citizen of Arizona; and the amount in controversy exceeds $75,000, exclusive of interest and costs, based on potential lost commercial revenue exceeding $70,000 per day from oathresearch.com alone and the ACPA's statutory damages of up to $100,000 per domain name, 15 U.S.C. § 1117(d).

9. This Court has supplemental jurisdiction over any remaining claim under 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Trustname and John Does under Federal Rule of Civil Procedure 4(k)(2) because Plaintiffs' claims arise under federal law, Trustname and John Does are not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction is consistent with the United States Constitution and laws. Trustname is an Estonian company that knowingly and continuously does business in the United States, providing domain-registration services to United States customers, including Plaintiffs, and has thereby entered the stream of commerce in the United States. On information and belief, John Does likewise purposefully directed their conduct at Trustname's United States-facing infrastructure and at Plaintiffs' United States-based business, availing themselves of the privilege of causing harm within the United States. This Court's personal jurisdiction over Trustname extends to Count III (negligence) under the doctrine of pendent personal jurisdiction, as that claim arises from the same common nucleus of operative fact as Plaintiffs' federal claims.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(3) and (c)(3) because Defendants Trustname and the John Doe Defendants do not reside in the United States.

## FACTS

12. Oath Research is the longstanding registrant and operator of the Domain Names identified on Exhibit A at Schedule A, which support its flagship

commercial platform (oathresearch.com, which alone processes in excess of $70,000 in daily commercial revenue), its research chemicals business, and various brand-protection and typographical-variant domains.

13. Oath Research's domain portfolio was, at all relevant times, registered through Trustname under customer Account No. 100 201 612, associated with Account holder Grant. The Account had multi-factor authentication ("MFA") enabled and active at all relevant times.

14. On August 28, 2026, at approximately 14:11:41 UTC, an unauthorized party accessed the Account from IP address 187.40.39.14, geolocated to Dushanbe, Tajikistan. Plaintiffs' authorized users operate exclusively from Arizona, United States. On information and belief, John Does defeated Trustname's password and MFA controls through methods only currently known to Trustname. Plaintiffs never authorized any access to the Account for the John Does.

15. Rather than being blocked, or subjected to a genuine interactive MFA challenge, the unauthorized session was permitted to proceed notwithstanding that MFA was active on the account.

16. Within approximately 140 seconds of gaining access, John Does initiated twenty-five (25) domain ownership "push" operations, directing the

Domain Names to an adversary-controlled Trustname account associated with the e-mail address modastores@proton.me.

17. Trustname's systems processed these reassignments using Trustname's internal "Designated Agent" mechanism, with Trustname acting as Designated Agent for both the purported transferor and the recipient simultaneously. This automatically modified the WHOIS/registrant-of-record data for the affected domains and bypassed the transfer-lock and registrant-approval safeguards that would ordinarily apply to a change of registrant.

18. Plaintiffs regained access to the account at approximately 14:16:03 UTC, roughly five minutes after the intrusion began. By that time, the twenty-five (25) Domain Names had already been transferred out of the Account; one additional domain, oa.clinic, was intercepted before its transfer completed and remains within Oath Research's control.

19. Oath Research promptly reported the intrusion to Trustname through Support Ticket #SPR-53111 (submitted at 14:37:57 UTC on August 28, 2026), and placed Trustname on notice to obtain a litigation hold covering all records related to the incident.

20. On August 28, 2026, Plaintiffs' counsel sent Trustname (and, upon information and belief, a reseller for some Trustname domains, COREhub S.R.L.U.) a written demand requiring, among other things, immediate reversal of

the unauthorized transfers, restoration of Plaintiffs' registrant status for each of the Domain Names, a registry/registrar lock on all of Oath Research's domains, freezing of the adversary account, and preservation of all logs and records. A true and correct copy of that demand letter, including Schedule A identifying the affected Domain Names, is attached as Exhibit A.

21. The Domain Names are set forth in Schedule A to Exhibit A and are: oathresearch.com, oathpeptides.com, oathpeptide.com, oathresearchllc.com, oathresearchsupply.com, othresearchsupply.com, oathscript.com, rxoath.com, researchersonly.com, summerscientific.com, mypromisepeptides.com, promiseclinical.com, promisehealthrx.com, promisepeptide.com, promisetelemed.com, startpromise.com, vowamino.com, vowaminos.com, vowchemistry.com, vowlaboratory.com, vowpeptide.com, vowpeptides.com, vowscience.com, vowscientific.com, and oaclinic.com.

22. Because the Domain Names were reassigned internally, from Plaintiffs' account to another account within Trustname's own platform, the Domain Names have not yet left Trustname's infrastructure, and Trustname has the unilateral technical ability to reverse the unauthorized registrant changes and restore full ownership and control to Plaintiffs without any action by ICANN or any other third party.

23. On or About August 29, 2026, CoreHUB's response indicated that the 25 domains were scheduled to be transferred to a registrar entity named DynaDot. Upon information and belief, such transfers occur after five (5) days unless halted by the outgoing registrar. However, CoreHUB also indicated that the domains in question here are not affiliated with CoreHUB in any way, and therefore CoreHUB has no technical ability to affect their transfer.

24. Upon information and belief, other Trustname customers have reported similar patterns of unauthorized account access to CoreHUB. Upon information and belief, CoreHUB has been unable to contact Trustname through any channels to discuss these issues.

25. On August 30, 2026, Plaintiffs learned that the pending transfers to Dynadot were withdrawn.

26. On August 31, 2026, Plaintiffs learned from CoreHUB that new transfers of the 25 domains were scheduled to NiceNic International Group Co., Limited. Upon information and belief, NiceNic is known amongst fraudulent domain traffickers as a safe haven, with reported phishing rates at hundreds of times industry norms and organized in Hong Kong at least in part to frustrate Western legal processes.

27. Despite this, Trustname continues to refuse to freeze the domains. On August 31, 2026 at 4:42 AM EDT, Trustname responded to the Support Ticket

#SPR-53111, attached hereto as Exhibit B. Trustname's response effectively states that because there are conflicting claims between Plaintiffs, the legitimate owner of the domains, and John Does, hackers who have fraudulently gained access to the domains, Trustname will do nothing unless Plaintiffs can provide evidence that the John Does' claims are false.

28. Plaintiffs' counsel sent Trustname a follow-up letter on September 1, 2026 formally notifying it that Plaintiffs would initiate this action seeking a temporary restraining order, attached hereto as Exhibit C.

29. Absent immediate judicial intervention, Plaintiffs face continuing, escalating, and irreparable harm, including potential loss of revenue exceeding $70,000 per day from oathresearch.com alone, disruption of Plaintiffs' Research Chemicals business and its customer relationships, loss of customer goodwill and confidence, and the risk that John Does will further transfer, monetize, or obscure the Domain Names, rendering any eventual damages award inadequate.

## **<u>COUNT I</u>**
## **Federal Computer Fraud and Abuse Act Violation**
## **18 U.S.C. § 1030**

*(Against Defendants Trustname and John Does)*

30. Plaintiffs Oath Research and Grant hereby repeat and incorporate the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

31. This claim is brought under 18 U.S.C. § 1030, the Computer Fraud and Abuse act ("CFAA").

32. Trustname's servers, and the Account and Domain Names hosted and administered on them, are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), in that they are used in and affect interstate and foreign commerce and communication.

33. Defendants John Does intentionally accessed the Account without authorization, and in excess of any authorization ever granted, in violation of 18 U.S.C. § 1030(a)(2)(C), (a)(4), and (a)(5)(A)-(C).

34. Defendant Trustname, acting in full knowledge of the lack of authorization of Defendant John Does, permitted and assisted in the transfer of the Domain Names to John Does' account under the name modastores@proton.me.

35. As a direct and proximate result of John Does' and Trustname's conduct, Plaintiffs have suffered "damage" and "loss," as those terms are defined in 18 U.S.C. § 1030(e)(8) and (e)(11), aggregating well in excess of $5,000 within a one-year period, see 18 U.S.C. § 1030(c)(4)(A)(i)(I), including potential lost revenue exceeding $70,000 per day, the cost of incident response and forensic investigation, and the cost of responding to and remediating the intrusion.

36. Plaintiffs are entitled to compensatory damages and to injunctive and other equitable relief under 18 U.S.C. § 1030(g).

**COUNT II**

**Violation of the Anticybersquatting Consumer Protection Act**

**15 U.S.C. § 1125(d)**

*(Against Defendants John Does)*

37. Plaintiffs hereby repeats and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

38. Oath Research owns a pending request for federal registration as well as common-law trademark and trade-name rights in marks identical or confusingly similar to the Domain Names, including OATH as it relates to research-use-only chemicals and peptides, which Oath Research has used in commerce in connection with its business well before John Does' unauthorized August 28, 2026 registrant changes. The use of OATH on such products is not only inherently distinctive, but Oath Research's customers have come to understand the term OATH as being associated with Plaintiffs' business.

39. John Does registered, trafficked in, and used the Domain Names with a bad-faith intent to profit from Oath Research's marks and goodwill, within the meaning of 15 U.S.C. § 1125(d)(1)(A). That bad-faith intent is evident from, among other things: the absence of any trademark or other intellectual property rights of John Does in the Domain Names; the fact that the Domain Names consist of Oath Research's own marks and trade names, in which John Does have made no prior bona fide use; John Does' registration of the account used to receive the

Domain Names under the anonymous, non-attributable e-mail address modastores@proton.me, suggesting an intent to divert consumers and to avoid identification; and the bulk, simultaneous seizure of all twenty-five (25) Domain Names in a single, automated, 140-second operation, which itself evinces a bad-faith intent to traffic in the names rather than to make any legitimate use of them.

40. Plaintiffs are entitled to statutory damages under 15 U.S.C. § 1117(d) of not less than $1,000 and not more than $100,000 per Domain Name, as the Court considers just, or in the alternative actual damages and John Does' profits; and, pending resolution of this action, to an order directing Trustname not to transfer, suspend, or otherwise modify the Domain Names except upon further order of this Court.

## COUNT III
**Negligence**
*(Against Defendant Trustname)*

41. Plaintiffs incorporate paragraphs 1 through 24 as if fully set forth herein.

42. As the ICANN-accredited registrar with sole custodial control over Oath Research's account, credentials, and Domain Names, Trustname owed Oath Research a duty of reasonable care. That duty required Trustname to maintain genuine, effective security controls, including real multi-factor authentication, sufficient to prevent unauthorized access to the account. It also required

Trustname to administer its registrant-change mechanisms, including its "Designated Agent" function, so that no unauthorized party could reassign a customer's domain names without meaningful verification.

43. Trustname breached that duty in at least three ways. First, it let the August 28, 2026, unauthorized session proceed without a genuine, interactive MFA challenge, even though MFA was enabled and active on the account. Second, its "Designated Agent" mechanism acted as agent for both the purported transferor and the recipient of the Domain Names at the same time, without effective authentication, bypassing the transfer-lock and registrant-approval safeguards that should have applied to any change of registrant. Third, on information and belief, Trustname failed to fix abuse-handling and security deficiencies. These breaches are further supported by the multi-victim pattern of complaints directed to Trustname, which Trustname appears to be ignoring.

44. As a direct and proximate result, John Does were able to gain unauthorized access to Plaintiffs' account and complete the fraudulent transfer of twenty-four of the twenty-five (25) Domain Names within approximately 140 seconds.

45. As a direct and proximate result of Trustname's negligence, Plaintiffs suffered damages, including potential lost revenue exceeding $70,000 per day, the

cost of incident response and remediation, and harm to Oath Research's goodwill and customer relationships, in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiffs Grant and Oath Research respectfully demand a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OATH RESEARCH, LLC and Plaintiff STACEY JON GRANT respectfully pray for the following relief against Defendants, as follows:

(a) Enter an order declaring that Defendants' unauthorized conduct violates the CFAA, 18 U.S.C. §1030;

(b) Enter a temporary restraining order and, thereafter, a preliminary and permanent injunction (i) directing Trustname to restore Plaintiffs as the registrant of record for each of the Domain Names and to take no further action to transfer, modify, or encumber the Domain Names; (ii) directing Trustname to freeze and preserve the account associated with modastores@proton.me and all data and domains associated with it; and (iii) preventing Defendants from taking any additional action regarding the Domain Names other than as specifically authorized by Plaintiffs or the Court;

(c) Enter an order requiring Defendants to prevent any further transfer of the Domain Names without authorization from Plaintiffs;

(d) Order Trustname to preserve all logs, audit trails, and records concerning the account and the Domain Names;

(e) Enter judgment against Defendants John Does and Trustname for compensatory damages under 18 U.S.C. § 1030(g), in an amount to be proven at trial, together with pre- and post-judgment interest;

(f) Enter judgment against John Does for compensatory damages, Defendants' profits, and/or statutory damages under 15 U.S.C. § 1117(d) of up to $100,000 per Domain Name, together with pre- and post-judgment interest;

(g) Enter judgment against Trustname for damages for negligence in an amount to be proven at trial;

(h) Award Plaintiffs their costs and, to the extent permitted by law, reasonable attorneys' fees; and

(i) Any other relief that the Court finds just and proper.

Respectfully submitted,

Dated: September 1, 2026

*/s/Philip L. Hirschhorn*
Philip L. Hirschhorn, Esq.
Keith A. Jones, Esq.
Ikenna Ejimonyeugwo, Esq. (pro hac vice pending)
**PANITCH SCHWARZE BELISARIO & NADEL LLP**
One Commerce Square
2005 Market Street, Suite 3325
Philadelphia, PA 19103
Tel: (215) 965-1330
Fax: (215) 965-1331
E-mail: phirschhorn@panitchlaw.com
kjones@panitchlaw.com
iejimonyeugwo@panitchlaw.com

**Attorneys for Plaintiffs Oath Research, LLC and Stacey Jon Grant**